Mario Pittoni, J.
Motion by plaintiff for an order dismissing the affirmative defenses is denied, and
Motion by defendant for an order dismissing the complaint and for judgment is granted.
Defendant insurance company entered into a general agency agreement with plaintiff agency on March 9, 1970, and executed therewith a general agent’s expense reimbursement allowance agreement in accordance with section 213 of the New York Insurance Law.
About April 1, 1970, according to the complaint, a former officer of defendant insurance company signed an undated letter of intent whereby defendant company was obligated to pay plaintiff agency further compensation in addition to commissions and expenses called for in the general agency agreement. More specifically, the formula of the alleged letter of intent required that in ‘1 addition to the commissions and expense reimbursement allowance specified in your general agency contract dated March 9 ’ ’ defendant company would determine its own extra expenses in developing pension insurance business, excluding that developed by plaintiff and excluding and adding certain *741 other items, and then defendant would pay plaintiff 75% of such a percentage as arrived at above and apply it to the first year premium income developed by plaintiff. Thus, the formula turned on the volume of any new business generated by plaintiff agency and plaintiff’s compensation would increase with that volume.
All of the business generated by plaintiff was new; the relationship between defendant company and plaintiff agency commenced on March 9,1970.
The commissions and expense reimbursement due under the March 9, 1970, agreement have been paid in full. Thus, this action is based solely upon the undated letter of intent and for the additional compensation of $12,000 claimed thereunder.
Defendant insurance company states in its affirmative defenses: (1) that the complaint does not state a cause of action; (2) that the letter of intent, as executed on behalf of defendant insurance company, was done so without authority, and (3) that the letter of intent is illegal and unenforceable.
Thus, we have plaintiff’s motion for an order dismissing defendant’s affirmative defenses and defendant’s motion for an order dismissing the complaint and for judgment.
Plaintiff’s theory of equitable estoppel may not be invoked against an illegal contract. Therefore, plaintiff’s motion to dismiss the affirmative defense of illegality of contract on the ground of equitable estoppel must be denied (Matter of Rhinelander, 264 App. Div. 607, 611, revd. on other grounds 290 N. Y. 31).
Also, the affirmative defense that the letter of intent, as executed on behalf of defendant company, was done so without authority, raises an issue of fact at a plenary trial. Thus, plaintiff’s motion to dismiss that affirmative defense must also be denied.
Be that as it may, these two issues just discussed are moot anyway because the core of this case, the alleged letter of intent of April, 1970, is illegal, against public policy and unenforceable. The alleged letter of intent provides for compensation “ in addition to the commissions and expense reimbursement allowance specified in the general contract dated March 9, 1970.” (Italics added.) The formula of this extra compensation is not based upon plaintiff’s expenses, but on new sales generated by plaintiff. In effect, this would amount to a “ bonus,” “ prize,” or ‘ ‘ reward ’ ’ in violation of subdivision 7 of section 213 of the New York Insurance Law which prohibits “ increased or additional commissions or compensation of any kind whatsoever based upon the volume of any new business”.
*742 The alleged letter of intent is also prohibited by the regulations of the Department of Insurance (§ 11.0 [a] [b]) which states in part as follows:
“ Life insurance is deeply affected with public interest. Consequently, the statute prescribes the maximum compensation payable to agents * * *.
“ The Insurance Department continues to be concerned with precluding situations where expense reimbursement payments to general agents * * * and soliciting agents are used to
circumvent the statutory restrictions on the maximum compensation to agents * * * The management of life insurance com-
panies has a definite responsibility to see to it that agency expense reimbursements are made only for actual and legitimate expenses incurred on behalf of the company * * * verifiable by bona
fide vouchers from agents * * * to whom actual payments
for such expenses are made ”. (Official Compilation of Codes, Rules and Regulations of the State of New York, vol. II, Insurance, cK. 1, part II, § 11 [a] [b]; 11 NYCRR 11.0 [a], [b].)
Since the alleged letter of intent upon which the complaint is predicated is illegal, void and unenforceable and this illegality is apparent on the face of the letter of intent, the complaint is dismissed and defendant company shall have judgment.